U.S. District Court Northern
District of Texas

Jeremy Ladon Busby,

    Plaintiff

V.

Bobby Lumpkins, et. al.
Texas Department of Criminal
Justice Institutional Division
Director

Civil Action

No. 7:23-cv-00024-O



## Request For Preliminary Injunction

### I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (A) (3). Plaintiff Busby seeks declaratory relief pursuant to 28 U.S.C.

1 of 8

Section 2201 and 2202. Plaintiff Busby's claims for injunctive relief are authorized by 28 U.S.C. Sections 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedures.

2. The Northex District of Texas is an appropiate venue under 28 U.S.C. Section 1391 (b) (2) because it is where the events giving rise to this claim occurred originally.

## II. Plaintiff

3. Plaintiff Busby is and was at times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently confined in Texas Department of Criminal Justice in kenedy, Texas.

## III. Defendants

4. Defendant Bobby Lumpkins is the Director of the Texas Department of Criminal Justice, Institutional Division. He is legally responsible for the operation of the Texas Department of Criminal Justice and for the welfare of all the prisoner in Texas Department of Criminal Justice

2 of 8

## IV. FACTS

5. On 03/06/2023 Plaintiff filed the civil action complaint, suing seventy-two (72) defendants who worked for the Texas Department of Criminal Justice in their individual capacities for $1,000,000 each for all of the claims set forward in the complaint.

6. Additionally, on 03/06/2023 Plaintiff sued defendant Bobby Lumpkin in his official capacities for injunctive relief for all claims set forth in complaint seeking to be transferred from the custody of Texas Department of Criminal Justice into either the Federal Correctional system or a state Correctional system outside the state of Texas.

7. Since the filing of this complaint, the plaintiff has been repeatedly subjected to all forms of harassment and retaliation

3 of 8

by employees of the Texas Department of Criminal Justice that Plaintiff has attempted to address and resolve with the Administrative remedy required by the Prison Litigation Reform Act.

8. The harassment and retaliation has continued to the extent that the Plaintiff firmly believes his life is in danger as long as he is in the custody of the Texas Department of Criminal Justice.

9. In the attached Declaration, the Plaintiff describes how he was violently attacked by his cellmate, Willie Pitts, TDCJ # 1961646, and as a result of a failed "cover-up" attempt by numerous staff members and the denial of proper medical care by staff members, as well as punitive punishment measures taken by staff members, the Plaintiff firmly believes the assault was an organized assassination attempt by Texas Department of Criminal Justice staff

4 of 8

10. Plaintiff now seeks this "preliminary" injunction, asking this Court to transfer him from the custody of the Texas Department of Criminal Justice into either the Federal Correctional system or a state correctional system outside of Texas, until this Court can consider this case.

11. This request is made in good faith and for the protection of the Plaintiff.

## V. Legal Claims

12. Defendant Lumpkins has continue to supervise the other defendants in this complaint, and the additional defendants that the ~~Complaint~~ Plaintiff intends to add to the complaint, as they violate prison policies by harassing and retaliating against Plaintiff Busby for his participation with the media and/or for filing this civil action complaint. Plaintiff Busby's rights under the First and Eight Amendent to the United States Constitution Are being violated

5 of 8

by Defendant Lumpkins and caused pain, suffering, physical injury, emotional distress and, now Plaintiff could be facing death.

13. Plaintiff Busby is likely to show at trial that the defendants violated his constitutional rights.

14. Plaintiff Busby is likely to suffer "irreparable harm" if this court does not grant him a preliminary injunction.

15. The threat of harm that Plaintiff Busby is facing, is greater than the harm prison officials will face if this court grants a preliminary injunction.

16. A preliminary injunction will serve the public interest.

## VI. Prayer For Relief

WHEREFORE, Plaintiff respectfully pray that this court enter judgment:

17. Granting Plaintiff Busby a preliminary

6 of 8

injunction ordering defendant Lumpkins to temporary transfer Plaintiff Busby to the custody of the Federal Bureau of Prisons or to another state outside of Texas through the Interstate Compact Agreement, for Plaintiff's Busby protection until this court can consider this civil complaint.

Any additional relief this court deems just, proper, and equitable.

Dated: August 18, 2023

Respectfully submitted,

Jeremy Ladon Busby #881193
Connally Unit
899 F.m. 632
Kenedy, Tx. 78119

Verification

I have read the foregoing and hereby verify that the matters alleged therein are true, except as to matters alleged on information

7 of 8

And belief, And, As to those, I believe them to be true. I certify Under penalty of perjury that the foregoing is true And correct.

Executed At kenedy, Texas on August 18, 2023.

Jeremy LADon Busby

8 of 8

IN THE UNITED STATES DISTRICT
COURT FOR THE Northern District
OF TEXAS

Jeremy LaDon Busby,

    Plaintiff

V.

Bobby Lumpkins, et. Al.

    Defendant

ORDER TO SHOW
CAUSE FOR A
PRELIMINARY
Injunction

Upon the complaint, the supporting affidavits of
plaintiff, and the memorandum of law submitted
herewith, It is:

ORDERED that defendant Bobby Lumpkins show
cause in Room __310__ of the United states
Courthouse, 501 West Tenth St. Ft. Worth, TX,
76102, on the ___ day of 2023 At
___ o'clock why A preliminary injunction
should not issue pursuant to Rule 65 (a)
of the Federal Rules of Civil Procedure

1 of 8

Enjoining the defendants, their successors in office, Agents and employees and all other persons acting in conceet and participation with them from Texas Department of Criminal Justice maintaining direct custody of the plaintiff for the rest of his prison sentence.

It is Furthered ORDERED that effective immediately and pending the hearing and determination of this order to show cause, the defendant, Bobby lumpkins and each of their officers, Agents, employees, and all persons acting in conceet or participation with them, are restricted from harassing or retaliating against plaintiff Busby.

Date:

United States District Judge

2. of 2

IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Jeremy LaDon Busby,

    Plaintiff

V.

Bobby Lumpkins, et. Al

    Defendants

Declaration of
Jeremy Busby
Civil Action
No. 7:23-cv-00024-0

Jeremy Busby hereby declares:

On August 5, 2023, while incarcerated at the John B. Connelly Unit in Kenedy, Texas, I was violently assaulted by my cellmate, willie Pitts, TDCJ # 1961646 with a fan motor wrapped inside a towel. This assualt resulted in numerous injuries to my head. We both were administered drug tests. The Plaintiff Busby tested negative, while Pitts tested positive for Methamphetamine.

Plaintiff Busby was placed in a "standing room only" cage that lack a sink, toilet or chair in nothing but a pair of boxer shorts

    7 of 7

for the next seven hours by staff members Warden Cirildo Puente, Jr., Captain Marcos A. Cuellar, Lt. Partick C. Haskins, Lt. Ken Hernandez, And Sgt. Joe B. Heinaman, Jr. Plaintiff Busby requested numerous times to be afforded access to A toilet but was denied And forced to ueinate in a drinking cup.

During that time Plaintiff Busby was being told by all these officials that his cell was being treated like A crime scene, but once it was cleared, Plaintiff Busby would be permitted to return back to his original cell.

Seven hours later, Plaintiff Busby was informed by Warden Puente that the supervisor of the unit's Security Threat Group office, Sgt. Albert B. Perales who was not present on the Unit At the time had requested that Plaintiff Busby be placed on Transient status until Perales was able to return back to the unit on August 07, 2023 and investigate the matter.

2 of 7

Instead of Transient Status, Plaintiff Busby was placed on Pre-Hearing Detention status which forfeited a number of Plaintiff Busby's privileges, including the suspension of telephone access.

Once Plaintiff Busby's personal property was delivered to him, nearly 40% of his personal property was missing including legal folders related to this civil complaint, one fan, one multi-outlet plug, one lock and key, one pair of shower shoes, food items from the prison's commissary and all of Plaintiff's hygiene items. There were a number of Plaintiff Pitts cellmate Pitts property delivered to Plaintiff Busby.

Hours after being placed in the Pre-Hearing Detention cell, Plaintiff Busby was found unconscious by Sgt. Ramiro Lopez III and was taken to medical on a gurney. Once Plaintiff Busby gain consciousness, he informed two unidentified medical staff that his vision had

3 of 7

became blurred, he was dizzy and falling in and out of consciousness. These two unidentified medical staff placed Plaintiff Busby in another "standing room" only cage without a toilet, sink, chair, etc. for the next 14 hours. I was not administered any medical treatment and was refused repeated requests for food, water, and restroom access.

On August 11, 2023 Sgt. Perales came to Plaintiff's Pre-Hearing Detention Cell and informed Plaintiff Busby that the Security Threat Group Office investigation had been ~~cleared~~ completed and Plaintiff Busby had been cleared to return back to the General Population, but Asst. Warden Vernet A. Davis rejected the clearance. Sgt. Perales took the property that belong to Plaintiff cellmate and Plaintiff provided Sgt. Perales, Captain Rolando Cerda, Jr. and Warden Puente with a list of all the personal property Plaintiff Busby was missing. On August 15, 2023, Plaintiff-

4 of 7

Busby attacker, Willie Pitts was released back into the General Population without receiving a disciplinary infraction for the assault on Plaintiff Busby or the failed drug test.

Additionally, Plaintiff Busby personal property was given to Willie Pitts by a staff member here.

All of this was done in direct violation of prison policies. As a result of these violations, Plaintiff Busby feels the staff actively supported the violent assault by Willie Pitts by subjecting Plaintiff Busby to cruel and unusual punishment with the placement in the cage for 21 hours after he was violently assaulted, for placing Plaintiff Busby in punitive Pre-Hearing Detention, for failing to ~~process~~ process disciplinary infractions against Willie Pitts for the assault and failed drug test, for refusing Plaintiff Busby medical

5 of 7

treatment and for giving Pitts A significant amount of Plaintiff's personal property.

These glaring violations, Plaintiff Busby feels were done in retaliation for this pending civil action.

Plaintiff Busby has processed All these complaint with the Inmate Grievance Program. It is Plaintiff Busby's intention to file A motion to Amend complaint to add the following defendants to the complaint:
Albert Holmes, Edmundo M. Cueto, Jr., Cirildo Puente, Jr., Veenet A. Davis, Jr., Marcos A. Cuellar, Rolando Cerda, Jr., Ken Hernandez, Patrick C. Haskins, Joe B. Hernandez, Jr., Sgt. Leonard L. Barrientes, Breanna R. Guardiola, the two unidentified medical staff, and one unidentified guard who worked the medical department the night of August 5, 2023.

6 of 7

Plaintiff Busby has requested permission to proceed in forma pauperis in this civil complaint. Plaintiff Busby is serving the defendant Lumpkins A copy of this motion for A preliminary Injunction by delivering A true copy of it to Senior warden of the Connally Unit, Edmundo M. Cueto, Jr.

Plaintiff Busby does fear for his life while incarcerated within the Texas Department of criminal Justice.

I declare under penalty of perjury that the foregoing is true and correct. Executed At kenedy, Texas on August 18, 2023.

Jeremy Busby
Plaintiff

7 of 7



Mr. Jeremy Busby 881193
Connally UNIT
899 Fm 632
Kenedy, Tx. 78119

LEGAL



RECEIVED
AUG 2 9 2023

U.S. DISTRICT COURT
OFFICE OF THE CLERK
Northern District of Texas
501 West Tenth St. Room 310
Ft. Worth, Tx. 76102

5